IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **JOSSCO AUSTRALIA PARTY,** Limited, | ) ) ) | CASE NO. 8:05CV79 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | MEMORANDUM AND ORDER |
| **AG PROCESSING, INC.,** | ) ) | |
| Defendant and Third-Party Plaintiff, | ) ) ) ) ) | |
| v. | ) ) ) | |
| **KINDER MORGAN BULK TERMINALS, INC.,** | ) ) ) | |
| Third-Party Defendant. | ) ) | |

The matters before the Court are: (1) the Motion for Summary Judgment Against Plaintiff Jossco Australia Pty Limited (Filing No. 97), by the Third-Party Defendant Kinder Morgan Bulk Terminals, Inc. ("KMBT"); (2) the Motion for Joinder in Motion for Summary Judgment (Filing No. 100), by the Defendant and Third-Party Plaintiff Ag Processing, Inc. ("AGP"); (3) the Motion for Leave to File Second Amended Complaint (Filing No. 102), by the Plaintiff Jossco Australia Party, Limited ("Jossco"); and (4) the Motion for Leave to File Additional Reply to Summary Judgment Motion (Filing No. 117), by Jossco. For the reasons set forth below, the Motion for Joinder in Motion for Summary Judgment (Filing No. 100), is granted; the Motion for Leave to File Additional Reply (Filing No. 117), is granted; the Motion for Leave to File Second Amended Complaint (Filing No. 102), is granted; and the Motion for Summary Judgment (Filing No. 97), is denied as moot.

**Standard of Review**

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Cordry v. Vanderbilt Mortg. & Fin., Inc.*, 445 F.3d 1106, 1109 (8th Cir. 2006) (quoting *Bockelman v. MCI Worldcom, Inc.*, 403 F.3d 528, 531 (8th Cir. 2005)). The proponent of a motion for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The proponent need not, however, negate the opponent's claims or defenses. *Id.* at 324–25.

In response to the proponent's showing, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). A "genuine" issue of material fact is more than "some metaphysical doubt as to the material facts." *Id.* at 586.

"[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id.* at 249–50 (citations omitted).

Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp.*, 477 U.S. at 327.

**Background**

On February 22, 2005, Jossco filed a Complaint (Filing No. 1), invoking this Court's diversity jurisdiction, and claiming that the Defendant and Third-Party Plaintiff AGP breached a product-supply agreement between Jossco and AGP. (Filing No. 34, 1–4). Jossco purchased soybean meal (the "cargo") from AGP, and the meal allegedly was damaged when it got wet before or while being loaded onto an ocean vessel. (Filing No. 34, 2). AGP filed a Third-Party Complaint against KMBT, claiming that KMBT is responsible for the damage to the cargo because KMBT transported the cargo from the railcar to the ocean vessel at KMBT's loading terminal in Longview, Washington. (Filing No. 38, 4). AGP claims KMBT is liable under theories of negligence and breach of contract. (Filing No. 38, 6–7).

KMBT subsequently filed a motion for summary judgment against Jossco. KMBT argues that Jossco is not the real party in interest; rather, KMBT asserts that Jossco has already been fully compensated for the loss of the cargo, and that Jossco's insurance company, National Marine Insurance Agency Limited and Vero Insurance Limited, trading as Vero National Marine[1] (the "Insurer"), is the real party in interest in the present litigation.

---

[1] National Marine Insurance Agency Limited and Vero Insurance Limited, trading as Vero National Marine, collectively, is an entity located in Sydney, New South Wales. (Filing No. 102-2, 1).

3

(Filing No. 98).  AGP filed a Joinder in Motion for Summary Judgment by Third-Party Defendant KMBT to join in that motion.[2]

In response to KMBT's motion for summary judgment, Jossco moved this Court for leave to file a Second Amended Complaint.  That motion proposes three amendments.  First, Jossco seeks to substitute the Insurer's name (National Marine Insurance Agency Limited and Vero Insurance Limited, trading as Vero National Marine), for Jossco's name as the plaintiff bringing suit.  Second, Jossco seeks to plead and assert the breach by AGP of two further contracts, in addition to the contract giving rise to the cause of action in the First Amended Complaint.  Finally, Jossco seeks to amend the amount of damages sought in this matter.  (Filing No. 102-2, 1–6).  Jossco also filed a brief in opposition (Filing No. 104) to KMBT's motion for summary judgment.

Both AGP (Filing No. 110) and KMBT (Filing No. 114) filed briefs in opposition to Jossco's motion to amend.[3]  Further, KMBT filed a reply brief to support its motion for

---

[2]KMBT's brief in support of its motion for summary judgment (Filing No. 98) states that "Defendant and Third-Party Plaintiff AGP joins and concurs in this motion, as established by the Statement of Concurrence filed contemporaneously herewith."  (Filing No. 98, 2).

[3]Although Jossco proposes three amendments, KMBT only specifically argues against the first (substituting the Insurer for Jossco).  AGP contributes a further argument that the complaint should not be amended to include the additional contracts (amendment two), because of a statute of limitations violation. (Filing No. 110, 2–4). "Rule 15(c)(2) of the Federal Rules of Civil Procedure allows an amended complaint to relate back when the claim in the amended pleading 'arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original [complaint].'" *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) (citing Fed. R. Civ. P. 15(c)(2)).  In this case Jossco originally pled breach-of-contract damages based on the wetting of 10,000 metric tons of the cargo—allegedly pursuant to *one* contract.  After a time of discovery, it became evident that the contract pled by Jossco only covered a portion of the cargo, the balance being covered by *two additional contracts*.  However, since *all* of the alleged contracts embrace the originally pled action giving rise to the breach-of-contract claim (i.e., the wetting of 10,000 metric tons of the cargo), I find that the Second Amended Complaint, vis-a-vis the additional contracts, relates back to the original filing date.

summary judgment (Filing No. 114). Jossco then filed a Motion for Leave to File Additional Reply to Summary Judgment Motion (Filing No. 117-1), and included as an exhibit to that motion its proposed filing (Filing No. 117-2). KMBT responded to Jossco's motion (Filing No. 119). In that response, KMBT stated that it would "not formally oppose Jossco's motion," (Filing No. 119, 1); however, KMBT informed this Court that the proper characterization of Jossco's proposed reply is a "surreply," and that "Jossco has failed to assert sufficient grounds for filing a surreply brief," (Filing No. 119, 2). Jossco then filed a Reply in Further Support of Motion to File Second Amended Complaint. (Filing No. 120).

Accordingly, all of the pending motions have been fully briefed, and the matters before the Court are ripe for adjudication.

## Discussion

It is well-settled law that an insured, after being fully compensated by an insurance company for a loss pursuant to an insurance policy, no longer retains the ability to bring an action against the alleged tort-feasor who initially caused the loss. Rather, "when an insurer has paid the full amount of a loss suffered by the insured, the insurer becomes subrogated to the full extent of the insured's claim . . . and that in any suit to enforce the claim the insurer is the only real party in interest." *Link Aviation, Inc. v. Downs*, 325 F.2d 613 (D.C. Cir. 1963) (citing *United States v. Aetna Cas. & Sur. Co.*, 338 U.S. 366 (1949)).[4]

---

[4] "(T)he 'real party in interest' is the person who, under governing substantive law, is entitled to enforce the right asserted. . . ." *Iowa Pub. Serv. Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 404 (8th Cir. 1977). However, while the right to recover (i.e., the underlying substantive right), is decided under the governing substantive law, the issue of in whose name the action must be brought is procedural. *See Wattles v. Sears, Roebuck and Co.*, 82 F.R.D. 446, 450 (D. Neb. 1979) ("[T]he question of whether the plaintiffs may maintain this action in their own names alone, for their benefit and the benefit of their insurers, or whether the insurer may be required upon motion of the defendant to assert its claim in its own name for its portion of the loss is procedural, rather than substantive.").

In this case, Jossco has not come forth with any evidence to dispute the essential factual allegations made my KMBT in support of its motion for summary judgment. Jossco admits that "David Livingstone testified by deposition as Jossco's representative. . ." (Filing No. 104, 3), and that "Mr. Livingstone testified that Jossco had been fully compensated and that suit was actually commenced on behalf of the Insurer," (Filing No. 98, 5, ¶18; Filing No. 104, 4 ("Jossco admits the allegations of Statement of Fact No. 18.")). Indeed, in its Additional Reply to Summary Judgment Motion, Jossco professes that "[t]he insurer believed it had the option, via the Deed of Release and Indemnity, to have the action prosecuted in the name of Jossco. An honest *mistake* has been made." (Filing No. 117-2, 5) (emphasis added). Therefore, as the case currently stands, there are no issues of material fact for trial—Jossco is not the real party in interest and cannot maintain the current action. Accordingly, only if Jossco is allowed to amend its complaint and substitute the Insurer—the real party in interest—will the current action be preserved.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a court should grant leave to amend freely "when justice so requires." Fed. R. Civ. P. 15(a). However, "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *United States ex rel. Gaudineer & Comito, L.L.P. v. Iowa*, 269 F.3d 932, 936 (8th Cir. 2001) (internal quotation omitted).

Rule 17(a) of the Federal Rules of Civil Procedure mandates that "every action shall be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). However, in the instance where a court finds that the named party is not the real party in interest, automatic dismissal is generally not the appropriate remedy. This is because Rule 17(a)

further directs that "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest." *Id*. The Advisory Committee Note for this rule, pursuant to the 1966 Amendment, states that the above-quoted language was added with the intent "to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made." Fed. R. Civ. P. 17 advisory committee's note. It is, in effect, "intended to insure against forfeiture and injustice." *Id*.

*Link Aviation*, cited in the Advisory Committee Note as one of the two cases establishing the salutary principle upon which the above-mentioned provision is modeled, exhibits facts similar to the case at hand. *Link Aviation* involved a suit filed by insureds who had been completely indemnified by their insurance companies. When the insureds moved the district court, under Rule 15(a) and (c), to amend the complaint to substitute the insurers as plaintiffs, the court denied the motion. On appeal, the defendants argued that there was no error—that "since the insureds were not the real parties in interest the suit brought by them was a nullity." *Link Aviation*, 325 F.2d at 614. The appellate court disagreed, and found that "though brought in the name of the insureds, [the] suit was not a nullity, since . . . it was brought for the use of the real parties in interest." *Id.* at 615. In other words, "[i]t was not so lacking in validity as to furnish no support for a motion to bring it in compliance with Rule 17(a)." *Id*.

7

KMBT, however, directs this Court to a similar case arising in the United States District Court for the Southern District of Indiana. That case involved an action brought in the name of the assignor of a claim, which contradicted the state law that required such a claim be brought in the name of the assignee. The court found that "[b]ecause it was neither difficult to determine the proper party to sue, nor an honest mistake by [the assignor] (or [the assignee] for that matter), substitution under Rule 17(a) is unavailable." *Metal Forming Techs., Inc. v. Marsh & McLennan Co.*, 224 F.R.D. 431, 433 (S.D. Ind. 2004). Rather, the assignees used "[the assignors'] names while knowing that [the assignors] no longer owned the claims that were brought." *Id.* The court, applying an "honest mistake" test, found that the action was filed "in disguise." *Id.* at 432.

KMBT argues that, although Rule 17(a) allows for substitution of the real party in interest in lieu of dismissal, there is no honest mistake here and Jossco (and the Insurer) "should not be able to take advantage of the savings provision" of Rule 17(a). (Filing No. 114, 5–9). Rather, KMBT suggests that "[t]he decision of the Insurer not to be the named plaintiff 'was a strategic and tactical decision in contravention of Rule 17(a).'" (Filing No. 98, 10–11 (citing *Metal Forming*, 224 F.R.D. at 437)).[5]

Jossco, in turn, argues that "Jossco was not named the plaintiff with an intent to deceive AGP or [KMBT]," but that "Jossco was named plaintiff pursuant to an agreement

---

[5]Both KMBT and AGP further argue that the initial scheduling order, which directed that all motions to add parties and to amend pleadings "shall be filed on or before July 15, 2005," (Filing No. 18, 1), should preclude Jossco's proposed amendments. However, allowing the amendment will cause little or no prejudice to the Defendants, and the harm to the Insurer, if I were to rule otherwise, is great. The underlying basis for the claim will not change; the case is still in the early stages of discovery; and the consequence of denying the motion to amend is the obviation of the Insurer's claim.

8

between Jossco and its insurer." (Filing No. 104, 9). In support of its claim, Jossco points to its agreement with the Insurer—the Deed of Release and Indemnity (Filing No. 103-2, Ex. 1). That document provides that the Insurer "has the authority of Jossco in the policy to claim in the name of Jossco in any action proceeding which [the Insurer] may commence under subrogation against" any party the Insurer deems necessary. (Filing No. 103-2, Ex. 1, 3). Jossco claims that it acted with good faith when it relied on that document and filed a claim with this Court in its own name.

Unlike the *Metal Forming* case, where the document upon which the plaintiff relied clearly established that the assignee was acquiring "all rights, title and interest to any and all causes of action," *Metal Forming*, 224 F.R.D. at 434, the Insurer in this case has attempted to retain the right to sue in Jossco's name. There is, in other words, "'semblance of [a] reasonable basis for the naming of an incorrect party.'" *Id.* at 436 (quoting *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2d Cir. 1997) ("[T]he district court retains some discretion to dismiss an action where there was no semblance of any reasonable basis for the naming of an incorrect party.")).[6]

I do not perceive any calculating and dishonest intent on the part of Jossco or its insurer in this case, such as the court found in *Metal Forming*. Applying the "honest mistake" test, I conclude that Jossco's motion to amend should be granted.

---

[6]To further support my finding, I also note that the court in *Metal Forming* recognized that "at least one court has distinguished the subrogor/subrogee relationship present in *Link Aviation* from that of an assignor/assignee relationship." *Metal Forming*, 224 F.R.D. at 437 n.7 (citing *Lans v. Gateway 2000, Inc.*, 84 F. Supp. 2d 112, 119 (D.D.C. 1999)).

9

IT IS ORDERED:

1. The Motion for Joinder in Motion for Summary Judgment by Third-Party Defendant Kinder Morgan Bulk Terminals, Inc. (Filing No. 100), is granted;

2. The Motion for Leave to File Additional Reply to Summary Judgment Motion (Filing No. 117), is granted;

3. The Motion for Leave to File Second Amended Complaint (Filing No. 102), is granted; and

4. The Motion for Summary Judgment Against Plaintiff Jossco Australia Pty Limited (Filing No. 97), is denied as moot.

DATED this 20th day of December, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge