IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEBRASKA

| | |
|---|---|
| NATIONAL MARINE INSURANCE AGENCY LIMITED and VERO INSURANCE LIMITED Trading as VERO NATIONAL MARINE, as Subrogee of JOSSCO AUSTRALIA PTY LIMITED,<br><br>      Plaintiffs,<br><br>vs.<br><br>AG PROCESSING INC a cooperative,<br><br>      Defendant and Third-Party Plaintiff,<br><br>vs.<br><br>KINDER MORGAN BULK TERMINALS, INC.,<br><br>      Third-Party Defendant. | CASE NO. 8:05CV79<br><br><br><br>**PROTECTIVE ORDER** |

The parties recognize that during the course of this litigation they may be requested to produce or disclose certain documents, or to provide testimony containing confidential, proprietary, commercial and/or financial information. The parties wish to ensure that confidential or proprietary, commercial and/or financial information is appropriately protected during the course of these proceedings.

Accordingly, through their respective undersigned counsel, the parties have stipulated that the Court enter the following Protective Order.

IT IS HEREBY STIPULATED THAT:

1.    This Order applies to all documents, information and discovery material containing confidential, proprietary, commercial and/or financial information including deposition testimony,

admissions and answers to interrogatories, given or taken in this action.

2. All information provided or produced by a party to this litigation (the "Producing Party") which is identified with the word "Confidential" shall be treated as "Confidential Information." The Producing Party may identify any document(s) as Confidential Information by stamping such document(s) with the word "Confidential." A Producing Party may, at the time of the deposition, designate the entire testimony as "Confidential Information" in which case the other parties shall treat the testimony as such for a period of thirty (30) days after receipt of the transcript. Within thirty (30) days of the receipt of the deposition transcript, the designating party shall identify that deposition testimony which is to be treated as Confidential Information by stamping only such pages of the transcript as are to be treated as Confidential Information and serving the designated transcript on all parties. Pages not so stamped and served will not be treated as Confidential Information.

3. If any documents marked "Confidential" have been furnished, filed or produced prior to the entry of this Order, such documents shall be deemed to have been furnished as if this Order were in effect at the time such documents were furnished, filed or produced. The parties agree that all documents produced prior to the entry of this Order that have not been marked "Confidential" shall be treated as "Confidential Information" until thirty (30) days after the entry of this Order, and any party may designate portions of those documents as "Confidential Information" by marking such documents "Confidential" up until that time.

4. Confidential Information shall include not only the documents produced, but all copies, summaries, excerpts, or abstracts of the documents produced. Confidential Information shall be used by any party receiving such information only for the purpose of this litigation proceeding.

5. Except upon order of the Court or with the prior written consent of the Producing Party, Confidential Information stamped or marked with the word "Confidential" shall not be directly

or indirectly disclosed to any person other than the parties, their counsel, a witness who gives testimony during these proceedings and such experts, legal assistants, secretaries, and other persons who may be employed or consulted by counsel for any party to assist such counsel in the preparation or trial of this litigation.

6. Prior to the disclosure of Confidential Information to an expert witness or consultant retained by any party, the party retaining the expert shall have the expert sign a nondisclosure agreement in the form attached hereto as Exhibit "A". Copies of all such nondisclosure agreements shall be produced to opposing counsel by the date such expert testifies at a deposition or trial. In the event the expert does not provide deposition or trial testimony, copies of the nondisclosure agreement shall be produced to opposing counsel by the date of a final unappealable judgment or order or mandate by a court having jurisdiction over this action.

7. The designation of "Confidential" upon any document pursuant to this Order shall not constitute a ruling upon any claim of privilege, nor a ruling that such document necessarily is entitled to the protection that may be accorded under the terms of this Order.

8. If a party shall, at any time, conclude that a particular document or a portion thereof should not be treated as Confidential Information, it shall so notify all other parties. If the parties are unable to reach agreement regarding the status of the document and the protection to be afforded, the party contesting the claim of confidentiality shall continue to treat the documents as originally designated according to the terms of this Order until that party has presented the matter to the Court and the Court rules upon the status to be afforded the document. Nothing in this Order shall be construed to shift the burden of justifying confidentiality requested for any document or information.

9. If any document designated Confidential is contained in or attached to any document filed or lodged with the Court, such document shall be submitted in a sealed envelope or in the manner prescribed by local rule, with appropriate identification including the designation of the

identity of the Producing Party, and a statement that such envelope is not to be opened by anyone other than by the Court or counsel for any party, unless ordered by the Court.

10. Any party may seek to introduce into evidence at trial, any document which has been designated as Confidential. The Producing Party may request the Court to maintain the confidentiality of such information at trial. Within thirty (30) days after receipt of written notice of the final disposition of this lawsuit, whether by judgment and exhaustion of all appeals, settlement or by voluntary dismissal, the Producing Party or its counsel shall withdraw all documents designated Confidential which have been sealed and filed or lodged with the Court in any manner. If such documents are not withdrawn by the Producing Party or its counsel within the time period stated above, any other party may request the withdrawal or return of such confidential documents from the Court within 30 days thereafter. Then, after the 60-day period has elapsed, then the Court may, at its discretion, unseal and unsuppress such documents and make them part of the public file of the proceedings or such documents may be destroyed.

11. Within thirty (30) days after receipt of written notice of the final disposition of this lawsuit, whether by judgment and exhaustion of all appeals, settlement or by voluntary dismissal, any party who has received documents designated Confidential shall return all such documents and all copies, excerpts and abstracts to the Producing Party, and provide to counsel for the Producing Party a written certification in the form attached hereto as Exhibit "B" signed by the receiving person or party that all documents from the Producing Party, including any copies, excerpts and abstracts of such documents have been returned to the Producing Party. Counsel for each party shall also return such documents in their possession to the Producing Party and execute Exhibit "B".

12. Any waiver under this Protective Order must be made in writing or, if at a deposition or in Court, on the record. Any waiver, unless expressly made general, shall be deemed limited to the specified purposes of the request or proceeding involved, and shall not otherwise waive any of

the protection provided by this Protective Order.

13. Nothing contained herein shall be construed to prevent any party from disclosing to any person, documents or information which came into that party's possession in the ordinary course of business and not as a result of an exchange of documents between the parties in conjunction with this litigation.

14. The terms and provisions of this Protective Order are subject to modification, extension or limitation as may be hereafter agreed upon by the parties or by order of this Court.

15. Neither the execution by counsel of this Proposed Protective Order or the execution of the Protective Order by the Court shall operate as an admission against or otherwise prejudice any contention of any party on any motion provided for herein or for any other purpose, nor shall it be interpreted as a waiver of any party's rights to seek modification from the Court of any or all provisions of this Protective Order.

DATED: March 22, 2007.

BY THE COURT:

s/ F. A. Gossett  
United States Magistrate Judge

DATED: 3/19/07     NATIONAL MARINE INSURANCE AGENCY LIMITED and VERO INSURANCE LIMITED Trading as VERO NATIONAL MARINE, as Subrogee of JOSSCO AUSTRALIA PTY LIMITED, Plaintiffs,

By: /s/ Shari L. Friedman

Robert Reeb
Shari L. Friedman
Marwedel, Minichello & Reeb, P.C.
10 South Riverside Plaza, Suite 720
Chicago, IL 60606
(312) 902-1600
(312) 902-9900 (fax)

-and-

Craig A. Knickrehm, #16595
Walentine, O'Toole, McQuillan & Gordon
11240 Davenport Street
Box 540125
Omaha, NE 68144
(402) 330-6300
(402) 330-6303 (fax)

DATED: 3/21/07     AG PROCESSING INC a cooperative, Defendant and Third-Party Plaintiff,

By: /s/ James G. Powers

James G. Powers, #17780
McGrath North Mullin & Kratz, PC LLO
First National Tower, Suite 3700
1601 Dodge Street
Omaha, Nebraska 68102
(402) 341-3070
(402) 341-0216 (fax)

DATED:  3/16/07

KINDER MORGAN BULK TERMINALS,
INC., Third-Party Defendant


By:  /s/ Katherine W. Wittenberg
    Michael Noone
    Katherine W. Wittenberg
    Beatty & Wozniak PC
    216 16th Street, Suite 1100
    Denver, Colorado  80202
    (303) 407-4499
    (303) 407-4494 (fax)

    - and –

    David S. Houghton, #15204
    Lieben, Whitted, Houghton, Slowiaczek &
    Cavanagh, PC, LLO
    100 Scoular Building
    2027 Dodge Street
    Omaha, NE 68102
    (402) 344-4000
    (402) 344-4006 (fax)

**EXHIBIT "A"**

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| NATIONAL MARINE INSURANCE AGENCY LIMITED and VERO INSURANCE LIMITED Trading as VERO NATIONAL MARINE, as Subrogee of JOSSCO AUSTRALIA PTY LIMITED, | ) ) ) ) ) ) | CASE NO. 8:05CV79 |
| Plaintiffs, | ) ) | **CERTIFICATE REGARDING CONFIDENTIALITY** |
| vs. | ) ) | |
| AG PROCESSING INC a cooperative, | ) ) | |
| Defendant and Third-Party Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| KINDER MORGAN BULK TERMINALS, INC., | ) ) ) | |
| Third-Party Defendant. | | |

I hereby certify that I have carefully read the Protective Order entered in the above-entitled case and I fully understand the terms of the Court Order. I recognize that I am bound by the terms of that Order, and agree to comply with those terms.

Executed this _____ day of _____, 2007, at _____, _____.

_____
(Signature)

_____
PRINT NAME

Name: _____

Affiliation: _____

_____

Business Affiliation: _____

Business Phone: _____

Home Address: _____

_____

Home Phone: _____

3

**EXHIBIT "B"**

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| NATIONAL MARINE INSURANCE AGENCY LIMITED and VERO INSURANCE LIMITED Trading as VERO NATIONAL MARINE, as Subrogee of JOSSCO AUSTRALIA PTY LIMITED, | ) ) ) ) ) ) | CASE NO. 8:05CV79 |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| AG PROCESSING INC a cooperative, | ) ) | |
| Defendant and Third-Party Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| KINDER MORGAN BULK TERMINALS, INC., | ) ) | |
| Third-Party Defendant. | | |

The undersigned hereby certifies to _____, pursuant to the terms of the Protective Order entered herein that the undersigned has had access to documents marked "Confidential"; that he has no such documents in his personal possession; and that he has returned all such documents together with all copies, summaries, excerpts, abstracts and notes to counsel.

DATED this _____ day of _____, 2007.

_____